UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN BURFORD,

    Plaintiff,

v.                                                                Case No: 8:16-cv-2839-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

       Plaintiff, Kevin Burford, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

      **A. Social Security Act Eligibility**

       The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on January 27, 2014. (Tr. 194-202) Plaintiff filed an application for SSI on the same day. In both applications Plaintiff alleged a disability onset date of April 10, 2012. (Tr. 194, 196). Plaintiff's applications were denied initially on March 27, 2014. (Tr. 141-43, 146-48). Plaintiff's application for SSI was denied upon reconsideration on April 11, 2014, and Plaintiff's application for a period of disability and DIB was denied upon reconsideration on May 29, 2014. (Tr. 149-53, 156-60). Plaintiff requested a hearing and, on May 5, 2015, an administrative hearing was held before Administrative Law Judge James G. Myles ("the ALJ"). (Tr. 31-50). On May 12, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from April 10, 2012, through the date of the decision. (Tr. 14-30). Plaintiff filed a request for review which the Appeals Council denied on August 4, 2016. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on October 5, 2016.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 10, 2012, the alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, bipolar

disorder, anxiety, and posttraumatic stress disorder. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant can occasionally crouch, balance, stoop, climb, kneel, and crawl. However, he should avoid ladders, ropes, and scaffolds. The claimant should avoid flashing lights. The claimant should also avoid concentrated exposure to workplace hazards. Although the claimant can have occasional interpersonal contact in the workplace, he should not work as part of a team or hve more than superficial contact with the public. The claimant's work should not consist of quotas or pay for performance. The claimant is limited to routine, unskilled work.

(Tr. 20). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a case manager for a non-profit organization, security guard, and a painter. (Tr. 23). The ALJ noted that Plaintiff's work as a clerk at Target did not qualify as past relevant work because it was not performed at substantial gainful activity levels. (Tr.23).

At step five, the ALJ relied on the testimony of a vocational expert to find that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 24). Specifically, the ALJ found that Plaintiff can perform such occupations as "housekeeping, cleaner," "laundry," and "packager." (Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from April 10, 2012, through the date of the decision, May 12, 2015. (Tr. 25).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to properly evaluate the severity of Plaintiff's mental impairments; and (2) whether the ALJ erred by failing to properly evaluate the medical opinions of record. The Court will address each issue in turn.

### A) Whether the ALJ erred by failing to properly evaluate the severity of Plaintiff's mental impairments.

Plaintiff argues that the ALJ failed to properly consider the severity of Plaintiff's mental impairments in several ways. First, Plaintiff argues that the ALJ erred by failing to evaluate the effects Plaintiff's panic attacks have on his ability to function. (Doc. 20 p. 5). Second, Plaintiff contends that the ALJ improperly based his evaluation of Plaintiff's mental impairments on abilities Plaintiff had prior to his onset date. (Doc. 20 p. 5-6). Third, Plaintiff argues that the ALJ improperly determined the severity of Plaintiff's mental impairments based on Plaintiff's short appearance at the hearing. (Doc. 20 p. 6). Fourth, Plaintiff contends that the ALJ erred by relying on the perceptions of a non-medical agency worker during a telephone call while failing to consider the testimony of a lay witness that has known Plaintiff for seven years. (Doc. 20 p. 6). Finally, Plaintiff argues that the ALJ erred when he rejected Plaintiff's claim for disability because the record was not suggestive of any marked limitations. (Doc. 20 p. 8).

In response, Defendant argues that the ALJ properly determined Plaintiff's RFC of a reduced range of light work based on the record as a whole and the record simply fails to show that Plaintiff has work-related limitations beyond those assessed by the ALJ in his RFC. (Doc. 21 p. 5).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her

previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e). An ALJ must consider all of a claimant's mental impairments which are sufficiently severe in combination with all of a claimant's impairments. *Hurley v. Barnhart*, 385 F. Supp. 2d 1245, 1256 (M.D. Fla. 2005).

Beginning with Plaintiff's contention that the ALJ failed to consider Plaintiff's allegations of having panic attacks two to three times a month, the Court finds that Plaintiff has failed to demonstrate reversible error. In his decision, the ALJ noted that Plaintiff testified to having panic attacks two to three times a month. (Tr. 18). Plaintiff, however, fails to cite to any record where a doctor diagnosed Plaintiff with panic attacks, or offer an opinion as to how these panic attacks affect Plaintiff's functional capacity. Further, the ALJ determined that Plaintiff's subjective complaints of disabling conditions were not entirely credible, a finding that Plaintiff does not challenge on review. *See, e.g.*, Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging ALJ's findings).

The Court also rejects Plaintiff's argument that the ALJ committed reversible error by considering work prior to his alleged onset date of April 10, 2012 in his decision. In his decision, the ALJ found that Plaintiff's ability to work in mostly semi-skilled jobs such as a clerk, case manager and security guard belied his arguments that he had difficulty staying on tasks. (Tr. 19,

22). As to the ALJ's consideration of Plaintiff's work history as a clerk, it was proper for the ALJ to consider this fact in reaching his decision. The record shows that Plaintiff worked as a retail/sales clerk at Target after his alleged onset date. (Tr. 225, 256-58). *See* 20 C.F.R. §§ 404.1571, 416.971; *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013). As to the jobs of case manager and security guard with Saint Vincent De Paul, the record is ambiguous as to whether these jobs were performed after the alleged onset date of April 10, 2012. The record shows Plaintiff's employment with Saint Vincent De Paul ended in April of 2012, thus potentially overlapping with his alleged onset date. In any event, the ALJ did not rely heavily upon Plaintiff's work history at Saint Vincent De Paul in considering Plaintiff's mental impairments, but considered it as just one fact in the record as a whole.

Likewise, the Court rejects Plaintiff's argument that the ALJ improperly discredited Plaintiff's testimony on the basis that he testified without difficulty. An ALJ is permitted to consider a plaintiff's appearance and demeanor in making a credibility determination. *Cormier v. Astrue*, 2012 WL 4369667, *5 (M.D. Fla. Sept. 25, 2012). In this case, the ALJ did not discredit Plaintiff or deny his claim solely on his demeanor at the administrative hearing, but considered it as one factor in addition to the other evidence of record. *See Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1984) (providing that an ALJ is not prohibited from considering the claimant's appearance and demeanor during the hearing so long as the ALJ does not impose his observations in lieu of the medical evidence presented).

The Court does not find it appropriate to remand this case because the ALJ remarked that "there were no problems noted by the field office during the claimant's teleclaim." (Tr. 22). While the Court agrees with Plaintiff that this statement is not probative of Plaintiff's claim for disability, the context of this observation shows that the ALJ did not unduly rely on this statement in his

decision. Further, the ALJ did not commit reversible error by failing to directly address the opinion of Plaintiff's friend Phyllis Martin, who has known Plaintiff for seven years. Generally, the ALJ must "state specifically the weight accorded each item of evidence and the reasons for his decision." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). However, where the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, there is no error if the credibility determination was implicit in the rejection of the claimant's testimony. *See Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006). Here, the Court finds that the ALJ implicitly rejected the lay opinion of Ms. Martin when he did not find Plaintiff entirely credible. *See Foreman v. Astrue*, 2010 WL 3292810, at *6 (M.D. Fla. Aug. 3, 2010).

Finally, the Court rejects Plaintiff's argument that the ALJ "erred in asserting that it must find 'marked' limitations in order for there to be a disability." (Doc. 20 p. 8). In his decision, while explaining his RFC finding, the ALJ stated that "the record is not suggestive of any marked limitations." (Tr. 21). The ALJ did not assert, however, that Plaintiff <u>must</u> find marked limitations to be disabled. After remarking that Plaintiff did not have any marked limitations in mental functioning, the ALJ proceeded to summarize the medical record and explain his reasoning in formulating Plaintiff's RFC. (Tr. 21-23). While the ALJ did not find Plaintiff to have any marked limitations in mental functioning, he nevertheless limited Plaintiff to routine, unskilled work, and specified that Plaintiff could have only occasional interpersonal contact in the work place, but should not work as part of a team or have more than superficial contact with the public. (Tr. 20). Although the ALJ did not find Plaintiff to have marked mental limitations, the ALJ's RFC finding shows that the ALJ fully considered the record Plaintiff's mental impairments, even if they were not "marked."

Plaintiff has failed to demonstrate that the ALJ committed reversible error in evaluating the severity of Plaintiff's mental impairments. Accordingly, the Court will not disturb the ALJ's findings on review.

**B) Whether the ALJ erred by failing to properly evaluate the medical opinions of record.**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of record in several ways. First, Plaintiff argues that the ALJ erred by improperly evaluating the GAF scores contained in the record. (Doc. 20 p. 9-10). Specifically, Plaintiff argues that the ALJ uses Plaintiff's GAF scores to belittle opinions of treating sources while belittling GAF scores that bolster the opinions of treating physicians. (Doc. 20 p. 10). Second, Plaintiff argues that the ALJ erred by failing to develop the record as to Dr. Gurrier. (Doc. 20 p. 10). Plaintiff notes that Dr. Gurrier's opinion provides that he has been treating Plaintiff for over five years, but there are no records in evidence from Dr. Gurrier. Plaintiff contends that the ALJ should have sought additional evidence from Dr. Gurrier before making his determination. Third, Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiffs' therapists. (Doc. 20 p. 11). Specifically, Plaintiff argues that while the ALJ accorded some weight to the opinion of therapist Ashely Hancock he did not specify what "some" means. (Doc. 20 p. 11). Further, Plaintiff argues that the ALJ erred by according limited weight to the opinion from Plaintiff's therapist at Suncoast Center. (Doc. 20 p. 11). Plaintiff argues that it was improper for the ALJ to consider Plaintiff's prognoses as prognoses refer to future prospects, not Plaintiff's current state. (Doc. 20 p. 11). Finally, Plaintiff argues that the ALJ erred by failing to articulate the weight accorded to Dr. Bowman's opinions. (Doc. 20 p. 12).

In response, Defendant argues that the ALJ properly considered the opinions of record in assessing Plaintiff's RFC. (Doc. 21 p. 13-16). Defendant argues that the ALJ did not "cherry-

pick" GAF scores, but discounted the lower GAF scores when they were inconsistent with the record as a whole. (Doc. 21 p. 14). Defendant argues that the ALJ properly weighed the opinions of Plaintiff's therapists and that it was proper to consider Plaintiff's prognoses. (Doc. 21 p. 15-16). Finally, Defendant argues that Dr. Bowman's opinion provides substantial evidence to support the ALJ's determination of Plaintiff's mental functional limitations and, therefore, the ALJ was not required to explicitly state the weight he gave the opinion. (Doc. 21 p. 16).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).

Here, the Court finds that the ALJ erred in evaluating the medical opinions of record. First, the ALJ erred in his consideration of therapist Ashely Hancock's opinion. The ALJ addressed Ms. Hancock's opinion as follows:

> I also considered the opinion of Ashley Hancock, LMHC, (SSR 06-3p, Ex. 12F). The record reflects that the claimant had eight therapy sessions with Ms. Hancock. Further, Ms. Hancock opined that the claimant's GAF score was 45, suggestive of serious limitation. Some weight is given to this opinion but a GAF score is not indicative of disability. To the contrary,

> GAF scores are only an indication of one's function the day of assessment and provide no longitudinal application.

(Tr. 23).  While the ALJ specifies that he is according "some" weight to the opinion, he fails to identify the opinion.  The only aspect of Ms. Hancock's opinion the ALJ discussed is the GAF score, which the ALJ specifically rejects because it is not indicative of disability.  The ALJ's decision to give "some" weight to an opinion that he does not discuss does not satisfy *Winschel*'s requirement that ALJ's state the particular weight given to medical opinions and the reasons therefor.

Similarly, the Court finds that the ALJ erred by failing to state the weight accorded to the opinion of consultative psychologist Paula Bowman, Psy.D.  The Court rejects Defendant's argument that the ALJ's failure was harmless because Dr. Bowman's opinion was consistent with the ALJ's RFC finding.  As the ALJ noted in his opinion, Dr. Bowman opined that Plaintiff had marked difficulty coping with stress.  While the ALJ's comment that Dr. Bowman did not define "marked difficulty coping with stress" seems to suggest he did not give weight to this portion of the opinion, the ambiguity of the ALJ's treatment of Dr. Bowman's opinion underscores the importance of requiring the ALJ to state the precise weight given to medical opinions.

As to the remainder of Plaintiff's arguments, the Court rejects them as grounds for remand.  As Defendant notes it is proper for an ALJ to consider prognoses in formulating the RFC.  *Winschel*, 631 F.3d at 1178-79 (providing whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and **prognosis** . . . the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.) (emphasis added).  Unlike the opinions of Ms. Hancock and Dr. Bowman, the ALJ stated the weight he accorded the opinions from Plaintiff's therapists at Suncoast Center. (Tr. 22-23).  Finally, Plaintiff has failed to show that

the ALJ erred by failing to develop the record by not securing records from Dr. Gurrier. It is the claimant's burden to establish that she is disabled and, consequently, to produce evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)).

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties